**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

June 2, 2014

Writer's Direct Contact
(212) 468.8128
CLoewenson@mofo.com

By ECF and Fax (212) 805-7986

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Wilder v. News Corp., et al.*, 11-cv-4947;
      Pre-Motion Letter Pursuant to Individual Rule 4.A

Dear Judge Gardephe:

We represent defendant Les Hinton in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice, we write to join the request of all other defendants for a pre-motion conference (or, in the alternative, permission to submit an agreed upon briefing schedule). Mr. Hinton wishes to file a motion to dismiss the second amended complaint ("SAC") by plaintiffs Avon Pension Fund and Iron Workers Local Union No. 17 Pension Fund (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Hinton intends to move to dismiss Plaintiffs' claims for the reasons set forth in the pre-motion letter of defendants News Corporation ("News Corp."), NI Group Ltd., K. Rupert Murdoch, and James Murdoch, dated June 2, 2014. In addition, Mr. Hinton intends to seek dismissal of Plaintiffs' action for the reasons described briefly below.

Plaintiffs filed a first amended complaint in this action on July 31, 2012. Defendants moved to dismiss, arguing, *inter alia*, that Plaintiffs' allegations failed because Plaintiffs did not identify any purported misstatements during the class period. This Court agreed, dismissing Plaintiffs' action for failure to identify any purported misstatements during the class period. ECF No. 69. The Court did not reach the defendants' other arguments for dismissal and afforded Plaintiffs the opportunity to replead. On April 30, 2014, Plaintiffs filed the SAC, which is substantially the same as the first amended complaint, except that Plaintiffs now seek to greatly expand their initial five-month putative class period to an alleged two-year period from July 2009 to July 2011. In addition to the fact that Plaintiffs' proposed expanded class period is time-barred as set out in News Corp's letter, Plaintiffs' SAC against

ny-1144924

MORRISON | FOERSTER

Hon. Paul G. Gardephe
June 2, 2014
Page Two

Mr. Hinton suffers from the same pleading deficiencies as did their first amended complaint and should accordingly be dismissed.

*First*, Plaintiffs' claims against Mr. Hinton are based entirely on statements made by Mr. Hinton to a select committee of Parliament, all of which are subject to Parliamentary privilege. SAC ¶¶ 65-66, 123-24. Under English law, none of these statements may be offered against Mr. Hinton in any civil or criminal proceeding. Parliamentary privilege has been recognized by this Court to prohibit even the disclosure of evidence provided to Parliament. *See Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, Nos. 85-cv-1292, 84-cv-7703 (CES), 1993 WL 293701, at *1 (S.D.N.Y. 1993) (refusing to allow discovery of statements protected by Parliamentary privilege). Here, where Plaintiffs' entire cause of action against Mr. Hinton rests on these protected statements, Plaintiffs' claims cannot survive dismissal.

*Second*, Plaintiffs fail to allege that Mr. Hinton acted with scienter as Plaintiffs do not plead facts to suggest that Mr. Hinton had the motive or the opportunity to commit securities fraud. Plaintiffs' SAC identifies no concrete benefit to Mr. Hinton. *See Rothman v. Gregor*, 220 F.3d 81, 93 (2d Cir. 2000). Instead, Plaintiffs do little more than speculate that Mr. Hinton's later promotion to CEO of Dow Jones was a reward for his purported misstatements. Such generic allegations about career advancement do not demonstrate scienter. *See Hutchinson v. Perez*, No. 12-cv-1073 (HB), 2012 WL 5451258, at *6 (S.D.N.Y. Nov. 8, 2012).

Plaintiffs likewise fail to plead Mr. Hinton's scienter because Plaintiffs' SAC is devoid of allegations that Mr. Hinton acted with recklessness or conscious misbehavior. Indeed, Plaintiffs fail adequately to allege that Mr. Hinton had knowledge of facts or access to information contradicting his public statements. *See In re UBS AG Sec. Litig.*, No. 07-cv-11225 (RJS), 2012 WL 4471265, at *14 (S.D.N.Y. Sept. 28, 2012), *aff'd*, *First City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, No. 12-4355-CV, 2014 WL 1778041 (2d Cir. May 6, 2014). Instead, Plaintiffs refer to various records or events either not even alleged to involve Mr. Hinton or not in any way inconsistent with his statements. *See* SAC ¶ 156(c), (g). As such, these events cannot possibly demonstrate recklessness or misbehavior by Mr. Hinton, and fail to show scienter.

*Third*, Plaintiffs fail to allege an actionable misstatement because they do not identify any omission or misstatement of material fact by Mr. Hinton. *See In re Axis Capital*, 456 F. Supp. 2d at 584 (citing *Kowal v. IBM (In re IBM Corporate Sec. Litig.)*, 163 F.3d 102, 106 (2d Cir. 1998)). Instead, Plaintiffs identify Mr. Hinton's statements of opinion or belief regarding the extent of phone hacking at *NOW* as he knew them at the time of his testimony to the Select Committee. That later-uncovered evidence revealed phone hacking to be more extensive than Mr. Hinton thought at the time of his testimony does not render Mr. Hinton's statements false when made.

MORRISON | FOERSTER

Hon. Paul G. Gardephe
June 2, 2014
Page Three

*Fourth*, Plaintiffs do not allege that Mr. Hinton had a duty to correct his statements to the Select Committee regarding the extent of phone hacking at *NOW* because Plaintiffs do not identify when or how Mr. Hinton learned his statements to be untrue. *In re IBM Corporate Sec. Litig.*, 163 F.3d at 109. Instead, Plaintiffs point only to events not involving Mr. Hinton, and therefore fail to show Mr. Hinton was aware of any information warranting a correction of his prior statements.

*Fifth*, Mr. Hinton's March 2007 statements to the Select Committee took place before the start of even the new expanded class period. SAC ¶ 1. As this Court ruled in dismissing Plaintiffs' first amended complaint, such statements are not actionable as a matter of law. *See Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 154 (2d Cir. 2007).

For these reasons, as well as those set out in News Corp's pre-motion letter, Mr. Hinton seeks dismissal of Plaintiffs' SAC.

Respectfully submitted,

*/s/ Carl H. Loewenson, Jr.*

Carl H. Loewenson, Jr.