UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEWIS WILDER, as Trustee for the Lewis
Wilder Revocable Trusts, 12/10/2010, and
IROW WORKERS LOCAL UNION NO. 17
PENSION FUND,

                        Plaintiffs,

and

AVON PENSION FUND, administered by
Bath and North East Somerset Council,
Individually and on Behalf of All Others
Similarly Situated,

                        Lead Plaintiff,

vs.

NEWS CORPORATION, NI GROUP LTD.,
K. RUPERT MURDOCH, JAMES
MURDOCH, LES HINTON and REBEKAH
BROOKS,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/21/16

**MEMORANDUM
OPINION & ORDER**

11 Civ. 4947 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

The Avon Pension Fund[1] brings this action as lead plaintiff on behalf of a putative

class that purchased News Corporation ("News Corp.") stock between July 8, 2009 and July 18,

2011 (the "Expanded Class Period").[2] (Consolidated Second Amended Class Action Complaint

---

[1] This Court appointed the Avon Pension Fund as lead plaintiff on June 5, 2012. (Dkt. No. 31)
The Avon Pension Fund claims to have purchased shares of News Corp. common stock during
the Class Period, and to have suffered losses as a result of the alleged federal securities laws
violations committed by Defendants. (Consolidated Second Amended Class Action Complaint
(Dkt. No. 71) ¶ 21) The Iron Workers Local Union No. 17 Pension Fund, an Ohio-based pension
fund that also claims to have purchased News Corp. common stock during the Class Period, has
joined this action as a named plaintiff. (Id. ¶ 22)

[2] This Court will use Plaintiffs' nomenclature with respect to class periods. Accordingly,
"Original Class Period" refers to the time period between February 15, 2011 and July 18, 2011;
"New Class Period" refers to the time period between July 8, 2009 and February 14, 2011; and
"Expanded Class Period" refers to the time period between July 8, 2009 and July 18, 2011.

(the "SAC") (Dkt. No. 71) ¶ 1) Plaintiffs allege that Defendants concealed information regarding illegal news-gathering practices at two News Corp. newspapers – The Sun and the now-defunct News of the World – and that the eventual public revelation of these practices harmed investors by causing News Corp.'s stock price to plummet. (Id. ¶¶ 3-5, 10-14) Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act against News Corp., its wholly-owned United Kingdom subsidiary NI Group Limited ("NI Group"),[3] and four of the companies' officers and directors – K. Rupert Murdoch, James Murdoch, Les Hinton, and Rebekah Brooks. (Id. ¶¶ 200-215)

On October 7, 2015, this Court granted Defendants' motion to dismiss the SAC. (Dkt. No. 122) On October 21, 2015, Plaintiffs moved for reconsideration of this Court's October 7, 2015 dismissal order. (Dkt No. 123) For the reasons stated below, the motion for reconsideration will be denied.

## BACKGROUND[4]

## I.    FACTS

This action arises from Defendants' purported scheme to conceal the existence and extent of illegal news-gathering practices at the News of the World and The Sun. Evidence of those practices first came to light in 2006. (SAC (Dkt. No. 71) ¶¶ 53-54) The ensuing investigation suggested rampant phone hacking by News of the World employees. (Id. ¶¶ 56-57) The police conveyed their concerns privately to NI Group and Brooks. (Id. ¶¶ 57-58) Defendants, meanwhile, repeatedly assured the public and News Corp. investors that the phone

---

[3] Defendant NI Group was formerly known as News International Limited. (Id. ¶ 1)
[4] Familiarity with this Court's orders dismissing the Amended Complaint and the Second Amended Complaint is assumed. See Wilder v. News Corporation, No. 11 Civ. 4947 (PGG), 2014 WL 1315960 (S.D.N.Y. Mar. 31, 2014) (Dkt. No. 69); Wilder v. News Corp., No. 11 CIV. 4947 PGG, 2015 WL 5853763 (S.D.N.Y. Oct. 7, 2015) (Dkt. No. 122).

hacking was an isolated incident limited to one rogue reporter.  (See, e.g., id. ¶¶ 6-7, 54, 83, 89, 105-12, 120)

Details of the illegal conduct emerged gradually as a result of several lawsuits filed by phone hacking victims.  (Id. ¶¶ 7-13, 72-79)  The full extent of the illicit practices did not become apparent until July 4, 2011, when it was revealed that News Corp. reporters had hacked into the cell phone of Milly Dowler, a British teenager who disappeared in 2002 and was later found murdered.  (Id. ¶¶ 11, 177-79)  Plaintiffs allege that the Dowler revelation precipitated a decline in News Corp.'s stock price and scuttled the company's plans to acquire British Sky Broadcasting Limited ("BSkyB").  (Id. ¶¶ 14, 177-92)

## II.     PROCEDURAL HISTORY

### A.     Dismissal of the Amended Complaint

The Amended Complaint was filed on July 31, 2012, and pled a class period between February 15, 2011 and July 18, 2011 – the Original Class Period.  (See Am. Cmplt. (Dkt. No. 33) ¶ 1)  Defendants moved to dismiss the Amended Complaint for (1) lack of personal jurisdiction as to NI Group and Brooks, and (2) failure to state a claim.  (Dkt. Nos. 46, 57, 63)  On March 31, 2014, this Court dismissed the Amended Complaint, finding that (1) it lacked personal jurisdiction over NI Group and Brooks, and (2) nearly all of the alleged misstatements were made before the onset of the alleged class period – February 15, 2011 – and were therefore not actionable.  Wilder v. News Corporation, No. 11 Civ. 4947 (PGG), 2014 WL 1315960 (S.D.N.Y. Mar. 31, 2014) ("Wilder I") (Dkt. No. 69).

With respect to Defendants' Rule 12(b)(6) motion, this Court discussed at length whether statements that pre-date the class period are actionable, and concluded that under Lattanzio v. Deloitte & Touche LLP, 476 F.3d 147, 153-54 (2d Cir. 2007), they are not.  See

Wilder I, 2014 WL 1315960, at *7-9. Accordingly, this Court ruled that the "knowingly false or misleading statements made prior to the Class Period [beginning on February 15, 2011] are not actionable. Because the remaining alleged false statements in the [Amended] Complaint are not sufficient to support a cause of action, Defendants' motion to dismiss for failure to state a claim will be granted." Id. at *9. This Court granted Plaintiffs leave to amend, however. Id.

## B.   Dismissal of the Second Amended Complaint

On April 30, 2014, Plaintiffs filed the SAC. (Dkt. No. 71) The principal modification reflected in the SAC concerns the start date of the class period: the SAC's Expanded Class Period begins on July 8, 2009, while the Amended Complaint's Original Class Period commenced on February 15, 2011. (SAC (Dkt. No. 71) ¶ 1; Am. Cmplt. (Dkt. No. 33) ¶ 1) The allegedly false statements that provide the basis for the claims made in the SAC are the same as those set forth in the Amended Complaint, but the SAC's Expanded Class Period encompasses the entire time period during which those statements were made. (SAC (Dkt. No. 71) ¶¶ 104-152; see also Musoff Decl. (Dkt. No. 101), Ex. BB (comparison of Amended Complaint and SAC)) The SAC also includes new allegations regarding the relationship between NI Group and News Corp. designed to demonstrate that this Court has personal jurisdiction over NI Group. (See SAC (Dkt. No. 71) ¶¶ 30-39; see also Pltf. Opp. Br. (Dkt. No. 107) at 1-2)[5]

On November 21, 2014, Defendants NI Group and Brooks moved to dismiss the SAC for lack of personal jurisdiction. (Dkt. Nos. 99, 102; see Def. Brs. (Dkt. Nos. 100, 103)) Moreover, all Defendants moved to dismiss for failure to state a claim, arguing, inter alia, that

---

[5] The page numbers of documents referenced in this opinion correspond to the page numbers designated by this District's Electronic Case Filing system.

4

the Expanded Class Period set forth in the SAC was barred by the two-year statute of limitations for private securities fraud actions. (Def. Brs. (Dkt. Nos. 100, 103, 105))

In opposing Defendants' motion to dismiss the SAC, Plaintiffs argued that they were permitted to plead the Expanded Class Period under Fed. R. Civ. P. 15(c)(1)(C), because "no new claims have been added on behalf of [Original Class members]." (Pltf. Opp. Br. (Dkt. No. 107) at 16)  Plaintiffs also argued that they were not required to show a "mistake" under Rule 15(c)(1)(C), because the mistake requirement does not apply when new plaintiffs are added in an amended pleading. (Id. at 20)

On October 7, 2015, this Court granted Defendants' motion to dismiss the SAC, finding that (1) this Court lacks personal jurisdiction over Defendants NI Group and Brooks, and (2) claims arising during the Expanded Class Period were time-barred. Wilder v. News Corp., No. 11 CIV. 4947 PGG, 2015 WL 5853763 (S.D.N.Y. Oct. 7, 2015) ("Wilder II") (Dkt. No. 122). Because the SAC was filed well after the two-year statute of limitations had expired for claims arising during the New Class Period, Plaintiffs could only proceed on those claims if they relate back to the filing of the Amended Complaint.[6] Id. at *14. Finding that Plaintiffs had not met the requirements for relation back under Fed. R. Civ. P. 15(c), this Court concluded that claims arising "prior to February 15, 2011 [are] barred by the applicable statute of limitations."

---

[6] A two-year statute of limitations governs private actions for securities fraud. Such claims run from the date of the discovery of the facts giving rise to the claims. 28 U.S.C. § 1658(b)(1). Here, Plaintiffs allege that they were aware of the facts constituting securities fraud by July 2011. (SAC (Dkt. No. 71) ¶¶ 11, 14)

Plaintiffs filed the SAC on April 30, 2014. (SAC (Dkt. No. 71)  The SAC's Expanded Class Period adds plaintiffs – the "New Class" – who purchased stock between July 8, 2009 and February 14, 2011. Because Plaintiffs allege that they were aware of the fraud by July 2011, the claims of New Class purchasers were untimely when the SAC was filed on April 30, 2014, unless they relate back to the filing date of the Amended Complaint, July 31, 2012. (See Am. Cmplt. (Dkt. No. 33))

Id. at *16. Because no actionable claims survived, this Court granted Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## C.   **Plaintiffs' Motion for Reconsideration**

On October 21, 2015, Plaintiffs moved for reconsideration of this Court's October 7, 2015 order dismissing the SAC. (Dkt. No. 123) Plaintiffs request that this Court "[1] reinstate the claims brought on behalf of the Original Class members based on previously alleged misrepresentations made during the Expanded Class period; and [2] permit [P]laintiffs to conduct discovery to determine whether a basis for exerting personal jurisdiction over [NI Group] or Brooks can be pled." (Pltf. Reconsideration Br. (Dkt. No. 124) at 1)

## DISCUSSION

## I.   **MOTION FOR RECONSIDERATION STANDARD**

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v.

6

Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F. Supp. 2d at 365 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

"[Local] Rule 6.3 is intended to '"ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters."'" Id. (second alteration in original) (quoting S.E.C. v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))). "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id.

## II.    ANALYSIS

The viability of the Expanded Class Period pled in the SAC turns on whether claims arising during the New Class Period relate back to the filing of the Amended Complaint for statute of limitations purposes. See Wilder II, 2015 WL 5853763, at *14 ("[T]he expansion of the Class Period to include plaintiffs who purchased stock prior to February 15, 2011 is barred by the applicable statute of limitations unless the SAC's expansion of the Class Period to add the pre-February 15, 2011 claims relates back to the filing of the [Amended] Complaint.").

In dismissing the SAC, this Court considered at length the requirements for relation back under Fed. R. Civ. P. 15(c) and determined that that rule (1) governs the addition of

7

plaintiffs where a class period has been expanded, and (2) requires the party seeking the benefit of Rule 15(c) to show that its failure to include the newly added plaintiffs in the earlier pleading was the product of a mistake. Wilder II, 2015 WL 5853763, at *15 (citing Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir. 1997); Levy v. U.S. General Accounting Office, No. 97 Civ. 4016 (MBM), 1998 WL 193191, at *5 (S.D.N.Y. Apr. 22, 1998), aff'd, 175 F.3d 254 (2d Cir. 1999) (per curiam)).

This Court further concluded that the SAC's expansion of the class period was time-barred, because "Plaintiffs do not argue that they made a mistake in omitting potential plaintiffs who purchased News Corp. stock prior to February 15, 2011[] from the Class Period set forth in the Amended Complaint. Instead, they argue that Rule 15(c)(1)(C)'s mistake requirement does not apply to an amendment seeking to add new plaintiffs to an action." Id. at *15. Having rejected Plaintiffs' argument concerning the mistake requirement, the Court concluded that "the SAC's expansion of the Class Period to include individuals who purchased News Corp. stock prior to February 15, 2011 does not relate back to the filing of the Amended Complaint. Any class period beginning prior to February 15, 2011 is therefore barred by the applicable statute of limitations." Id. at *16.

Plaintiffs argue that this Court erred by (1) overlooking that Plaintiffs did in fact commit a mistake in selecting the class period pled in the Amended Complaint, and (2) "fail[ing] to separately consider the doctrine of relation back as it applies to the claims of the Original Class [as opposed to the New Class." (Pltf. Reconsideration Br. (Dkt. No. 124) at 6-8)

**A.    Mistake Requirement under Rule 15(c)**

In opposing Defendants' motion to dismiss the SAC, Plaintiffs argued that – in order to obtain the benefit of Rule 15(c)(1)(C) – they were not required to show "that the

8

omission of the [newly added plaintiffs] from the [Amended Complaint] was the result of a
mistake." (Pltf. Opp. Br. (Dkt. No. 107) at 20)

      In their motion for reconsideration, however, Plaintiffs reverse course and
embrace the mistake requirement of Rule 15(c)(1)(C), arguing that their choice of class period
dates in the Amended Complaint was due to a mistake. (See Pltf. Reconsideration Br. (Dkt. No.
124) at 7) Plaintiffs contend that, "to the extent a mistake is required to support the application
of relation back, the mistake is present here with respect to the Original Class members."[7] (Pltf.
Reconsideration Br. (Dkt. No. 124) at 7)

      Whether the choice of the Original Class Period dates reflects a strategic decision
or a mistake, Plaintiffs have not met the standard for reconsideration. The appropriate time for
Plaintiffs to have alleged that they made a mistake was in their opposition to Defendants' motion
to dismiss the SAC. See S.E.C. v. Ashbury Capital Partners, L.P., No. 00 CV 7898 (RCC), 2001
WL 604044, at *1 (S.D.N.Y. May 31, 2001) (noting that "parties may not present new facts or
theories" on a motion for reconsideration). As this Court noted in Wilder II, "Plaintiffs do not
argue that they made a mistake in omitting potential plaintiffs. . . . Instead, they argue that Rule
15(c)(1)(C)'s mistake requirement does not apply to an amendment seeking to add new plaintiffs
to an action. . . ." Wilder II, 2015 WL 5853763, at *15; see also Pltf. Opp. Br. (Dkt. No. 107) at
20.

      While Plaintiffs have now adopted the "mistake" requirement, a reconsideration
motion cannot be used as a vehicle to make new arguments that contradict or are inconsistent
with a party's earlier submission. See RST (2005) Inc., 597 F. Supp. 2d at 365 (motion for

---

[7] The contention that the selection of the class period dates in the Amended Complaint reflects a
"mistake" – rather than a strategic decision based on changes in the price of News Corp. stock –
is highly dubious.

reconsideration may not be "used to advance different theories not previously argued");

Davidson, 172 F. Supp. 2d at 461 ("A motion for reconsideration may not be used to advance

new . . . arguments not previously presented to the Court. . . .").

Plaintiffs are also misguided in contending that their supposed "mistake of law"

justifies application of the relation back doctrine. The cases cited by Plaintiffs on this point all

involve a factual mistake – the misidentification of a defendant in a Section 1983 case. See Soto

v. Brooklyn Corr. Facility, 80 F.3d 34, 37 (2d Cir. 1996); Pemrick v. Stracher, No. 92 CV 959

(CLP), 2005 WL 2921621, at *6 (E.D.N.Y. Nov. 4, 2005); Jones v. New York State Div. of

Military & Naval Affairs, No. 93-CV-0862, 1997 WL 266765, at *4 (N.D.N.Y. May 7, 1997),

aff'd, 166 F.3d 45 (2d Cir. 1999). Plaintiffs have not cited any case in which a comparable

"mistake of law" was held to justify the expansion of a class period in a securities fraud class

action. Such a ruling would dramatically expand what until now has been regarded as a

"narrow" exception. See Williams v. Lanese, No. 3:10-CV-1783 (JAM), 2016 WL 829858, at

*2 (D. Conn. Mar. 1, 2016), appeal dismissed (May 3, 2016) ("The Second Circuit has

articulated narrow circumstances where a mistake of law, rather than a mistake of identity, can

allow a substituted party to relate back to the time of the original complaint." (citing Soto, 80

F.3d at 36)). Because "the reason undergirding application of Rule 15(c)(1)(C)'s 'mistake'

requirement to bar amendments adding new plaintiffs has even greater persuasive power in the

context of a class action," this Court refuses to "blindside . . . [D]efendants" by "[p]ermitting

relation back of an entire class of plaintiffs." Dial Corp. v. News Corp., No. 13CV6802, 2016

WL 690895, at *2 (S.D.N.Y. Feb. 9, 2016); see also Advanced Magnetics, Inc. v. Bayfront

Partners, Inc., No. 92 Civ. 6879 (CSH), 1994 WL 324018, at *3 (S.D.N.Y. July 6, 1994) ("[T]he

10

rationale for the rule supports a conclusion that mistake is not just an illusory requirement but an integral part of the rule.").

## B.    Claims of the Original Class

Plaintiffs argue that – even if the New Class members' claims are time barred –

the Original Class members should be permitted to proceed with claims based on the Expanded

Class Period.  In arguing that this Court "fail[ed] to separately consider the doctrine of relation

back as it applies to the claims of the Original Class [vis-à-vis the New Class]" (Pltf.

Reconsideration Br. (Dkt. No. 124) at 8), Plaintiffs parse this Court's October 7, 2015 dismissal

order as follows:

> The Court held that the claims of New Class members were time barred because
> they did not relate back to the original complaint.  However, the Court did not
> expressly consider whether the claims of the Original Class members based on
> statements made during the Expanded Class period relate back.  Instead, the Court
> ruled only that the claims of New Class members during the Expanded Class
> period are time barred, and on that basis alone concluded that the claims of the
> Original Class members are barred as well.  This was incorrect.

(Id. at 6)

Defendants contend that "the Court did not 'overlook' Plaintiffs' argument that

Original Class Period members could rely on alleged misstatements now falling within the

Expanded Class Period but rather rejected it. . . ."  (News Corp. Br. (Dkt. No. 127) at 11)

Plaintiffs' theory – that "what should have been left as the result of the Court's

ruling dismissing the claims of the New Class members . . . are claims of the Original Class

members based on a fraud that occurred during the Expanded Class period" (Pltf.

Reconsideration Br. (Dkt. No. 124) at 8) – is both novel and entirely unsupported.  Indeed,

Plaintiffs have not cited any case in which a court has permitted plaintiffs to expand a class

period without in fact expanding the class.[8] The reason for this is obvious: "[a] class period is delimited in order to identify the individuals who claim membership in the class." In re Refco, Inc. Sec. Litig., 503 F. Supp. 2d 611, 643 n.27 (S.D.N.Y. 2007). In sum, the Court will not permit Plaintiffs to proceed with a new class period that does not expand the class, but is merely intended to assist Plaintiffs in salvaging their claims.

Plaintiffs also argue that "[t]he cases cited in [this Court's] Order [dismissing the SAC] all involve dismissal of claims asserted by newly-added class members"; "[n]one found that claims previously asserted by the original class members were time barred." (Pltf. Reconsideration Br. (Dkt. No. 124) at 9)) Plaintiffs misapprehend the basis for the Court's dismissal with respect to the Original Class members, however. Their claims were not dismissed as time-barred. Rather, without the benefit of an expanded class period, the Original Class members' are left with nothing more than the same deficient claims that this Court previously dismissed in Wilder I. See Wilder I, 2014 WL 1315960, at *7 ("[N]early all of the purportedly false statements cited in the [Amended] Complaint were made prior to the start of the Class Period . . . . [U]nder Lattanzio, statements that pre-date the Class Period are not actionable. Plaintiffs do not contend that the few allegedly false statements in the [Amended] Complaint that remain are sufficient to plead a cause of action.").

Plaintiffs admit that "[t]he claims asserted on behalf of the Original Class [in the SAC] are identical to and entirely consistent with those that were attempted to be asserted in the prior complaint." (Pltf. Reconsideration Br. (Dkt. No. 124) at 7 ("No new misrepresentations were alleged on behalf of the Original Class. No new claims were made on behalf of the

---

[8] Approval of the Expanded Class Period here would not expand the class because – for reasons explained above – the claims of the newly added plaintiffs would not relate back for purposes of Rule 15(c).

Original Class.")) Accordingly, by Plaintiffs' own admission, the SAC contains no actionable claims on behalf of the Original Class that arose during the Original Class period.

\*       \*       \*       \*

Plaintiffs have not shown "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd., 956 F.2d at 1255 (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). Accordingly, their motion for reconsideration will be denied.[9]

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is denied. The Clerk of the Court is directed to terminate the motion (Dkt. No. 123).

Dated: New York, New York
       September 20, 2016                    SO ORDERED.

Paul G. Gardephe
United States District Judge

---

[9] Given the Court's ruling on the statute of limitations issue, Plaintiffs' request for jurisdictional discovery is denied as moot.

13